

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

05 JUL 11 PM 3: 49

FOR THE DISTRICT OF NEW MEXICO

CLERK-ALBUQUERQUE

RENAUD BELHOMME

        Plaintiff,

                                       CIVIL NO. 05-687 WPL/RLP

v.

THE DOWNS OF ALBUQUERQUE, INC./
ATLAS TEMPORARY SERVICE, INC.,
and DAN COOK, General Manager, et al.,

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

### Introduction

Plaintiff Renaud Belhomme's Complaint against The Downs of Albuquerque, Inc., Atlas Temporary Service, Inc., and Dan Cook (collectively, "Defendants") fails to state any claim upon which relief can be granted. Plaintiff alleges that Defendants have discriminated against him on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. He also alleges discrimination by Defendants in violation of 42 U.S.C. §§ 1981 and 1983. However, he fails to set forth any facts in his Complaint to support his bare legal conclusions that he is the victim of unlawful discrimination under any of those federal acts. Furthermore, he fails to allege any state action that would support his § 1983 claim. Therefore, his Complaint should be dismissed in its entirety before the Defendants and this Court are forced to devote further resources to this frivolous lawsuit.

### Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] claim may be dismissed . . . because the claim fails to allege sufficient facts to support a cognizable legal claim." *Golan v.*



*Ashcroft*, 310 F.Supp.2d 1215, 1217 (D.Colo. 2004); *see also Morey v. Miano*, 141 F.Supp.2d 1061, 1062 (D.N.M. 2001) (same). While the well-pleaded factual allegations of a complaint are assumed to be true for the purposes of a Rule 12(b)(6) motion, "courts can and should reject legal conclusions, unsupported conclusions, unwarranted references, unwarranted deductions, footless conclusions of law, and sweeping legal conclusions in the form of actual allegations." *Bright v. Westmoreland Co.*, 380 F.3d 729, 735 (3d Cir. 2004) (quotation marks and quoted authority omitted); *accord Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 1999) (stating that only well-pleaded facts, rather than "conclusory allegations," should be taken as true); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (holding that a court considering a Rule 12(b)(6) motion is not obligated "to swallow the plaintiff's invective hook, line, and sinker; bald assertions, periphrastic circumlocutions, and the like need not be credited"). In short, a complaint should be dismissed if it does not allege any facts which could entitle the plaintiff to relief.

### Argument

**I. PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS OF UNLAWFUL DISCRIMINATION TO SUPPORT HIS CLAIMS UNDER TITLE VII AND §§ 1981 AND 1983.**

In his Complaint, Plaintiff appears to allege that he is entitled to relief under each of the following legal theories: (1) he was unlawfully discriminated against on the basis of his race and/or national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; (2) he was discriminated against in the making and enforcing of a contract on the basis of his race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and (3) he was

2

deprived of his civil rights under the color of state law in violation of 42 U.S.C. § 1983.[1] Regardless of the legal theories he is relying upon, however, Plaintiff does not allege any facts that, if true, would entitle him to relief.

In order to prevail on a Title VII disparate treatment claim, a plaintiff bears the burden of proving that he was intentionally discriminated against on the basis of either his race or national origin. *See Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1279 (10th Cir. 1997). The Tenth Circuit has further stated that, "in racial discrimination suits, the elements of the plaintiff's case are the same . . . whether that case is brought under §§ 1981 or 1983 or Title VII." *Drake v. Ft. Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991); *see also Kendrick v. Penske Transp. Servs.*, 220 F.3d 1220, 1226 n.4 (10th Cir. 2000) ("A plaintiff who alleges discriminatory discharge on the basis of race pursuant to Title VII, 42 U.S.C. § 1983, or § 1981 would have to establish the same elements in order to make out a prima facie case under the *McDonnell-Douglas* burden-shifting analysis."). Thus, when a plaintiff fails set forth sufficient factual allegations of unlawful discrimination so as to sustain a Title VII claim, then dismissal of his or her §§ 1981 and 1983 claims must follow. *See Baca v. Sklar*, 398 F.3d 1210, 1218 n.3 (10th Cir. 2005) (affirming dismissal of a plaintiff's §§ 1981 and 1983 claims when his Title VII claim failed).

Federal courts have repeatedly and consistently dismissed claims of employment discrimination when the plaintiff has made no factual allegations that would support a finding of discrimination. *See, e.g., Cramer v. State of Florida*, 117 F.3d 1258, 1265 (11th Cir. 1997) (affirming dismissal of ADA claim when the plaintiffs' complaint contained no factual

---

[1] Plaintiff's Complaint could be construed as also making a claim under several other federal statutes, including 28 U.S.C. §§ 1331, 1343, and 2201. *See* Complaint, p. 2. However, each of those statutes are either entirely procedural or irrelevant to an employment claim. *See* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1343 (civil rights and elective franchise); 28 U.S.C. § 2201 (creation of a remedy in a civil action involving a claim under the Tariff Act of 1930).

allegations permitting an inference of disability discrimination); *Gaynor v. Martin*, 77 F.Supp.2d 272, 278 (D.Conn. 1999) (dismissing hostile work environment claim when the plaintiffs failed to allege any specific events or circumstances supporting the claim); *Kun v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 949 F.Supp. 13, 18 (D.D.C. 1996) (dismissing national origin discrimination claim when the plaintiff failed to make a single factual allegation giving rise to an inference of discrimination).  The applicable principle has been succinctly stated as: "Complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation." *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979); *see also Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir. 1995) ("In order to survive a motion to dismiss, the plaintiff [alleging unlawful discrimination] must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent.").

Applying this principle to this case, it becomes clear that Plaintiff has failed to state a claim for unlawful employment discrimination.  The majority of the allegations in his Complaint are nothing more than legal conclusions masquerading as facts, citations to federal statutes, and requests for relief.  The *only* factual allegations he makes in support of his discrimination claims are:  (1) he is a black citizen of both the United States and Haiti, *see* Complaint, ¶ VI; and (2) he was hired in 1997 as a pari-mutuel teller at the Downs of Albuquerque and was terminated from that position in 2004, *see* Complaint, ¶ VII.  These few specific facts are insufficient as a matter of law to state a claim under Title VII or §§ 1981 or 1983.  *Cf. Schneid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (affirming dismissal of age discrimination claim when the complaint merely stated that the plaintiff was wrongfully discharged and that the

4

discharge was discriminatory).  As such, each one of Plaintiff's claims, including his Title VII

and §§ 1981 and 1983 claims, should be dismissed for failure to state a claim.

## II.    PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO ESTABLISH THAT THE DEFENDANTS ACTED UNDER THE COLOR OF STATE LAW TO SUPPORT HIS § 1983 CLAIM.

Section 1983 establishes liability for the deprivation of federal rights by anyone acting

"under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or

the District of Columbia."  Thus, the Supreme Court has explicitly held that "the under-color-of-

state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how

discriminatory or wrongful.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)

(quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).  A private actor may be considered to

have acted under the color of law only if:  (1) the deprivation complained of was "caused by the

exercise of some right or privilege created by the state" and (2) the private actor "acted together

with or has obtained significant aid from state officials, or because his conduct is otherwise

chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Nevertheless,

"[i]f the plaintiff fails to allege facts sufficient to establish . . . that the defendant or defendants

acted under color of state law, then the § 1983 claim is subject to dismissal." *Estadas-Negroni v.*

*CPC Hosp. San Juan Capestrano*, ---F.3d---, 2005 WL 1273953, *3 (1st Cir.).

Federal courts have not been shy in applying this rule to dismiss § 1983 claims filed

against private parties. *See, e.g., Priester v. Lowndes County*, 354 F.3d 414, 420 (2d Cir. 2004)

(upholding dismissal of § 1983 claim against private citizen when the complaint failed to allege a

conspiracy between the private and public parties to commit an illegal act); *Legat v. Hubbs*, 355

F.Supp.2d 664, 667 (D.Conn. 2005) (dismissing § 1983 conspiracy action against private party

5

when the claim was based on nothing more than conclusory allegations); *Edsall v. Assumption Coll.*, 367 F.Supp.2d 72, 78 (D.Mass. 2005) (holding that absence of any allegations involving state action on part of private university precluded plaintiff's § 1983 claim). It would be a waste of judicial resources for a § 1983 claim to proceed without any factual allegation whatsoever by the plaintiff at least supporting an inference that the private party was acting under the color of state law.

In this case, Plaintiff alleges in his Complaint that Defendants have infringed upon his constitutional rights in violation of § 1983. *See* Complaint, ¶ II. However, he fails to allege any facts from which Defendants could be held liable under that federal act—specifically, he fails to allege any facts that, if true, would support a claim that his termination was a state action. As such, this Court should dismiss Plaintiff's § 1983 claim for failure to state a claim upon which relief can be granted.

## Conclusion

For the reasons stated above, Plaintiff has failed to sufficiently plead any claim under which he could be entitled to relief; therefore, his entire Complaint should be dismissed with prejudice.

GILKEY & STEPHENSON, P.A.

By: _____
Barbara G. Stephenson
Quentin Smith
Attorneys for Defendants
P.O. Drawer 25566
Albuquerque, NM 87125
(505) 242-4466; (505) 242-3145 (fax)

6

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of Defendants' Memorandum in Support of Motion to Dismiss Complaint was sent by first-class mail to Renaud Belhomme, *Pro Se* Plaintiff, at P.O. Box 82472, Albuquerque, NM 87198, on this 11th day of July, 2005.

Quentin Smith

7