IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENAUD BELLHOMME,

      Plaintiff,

vs.                                                                     No. CIV 05-0687 RB/RLP

THE DOWNS OF ALBUQUERQUE, INC.,
ATLAS TEMPORARY SERVICE, INC.,
DAN COOK, General Manager,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 6), filed on July 11, 2005. Jurisdiction arises under 28 U.S.C. §1331. Having reviewed the motion, record, relevant law, and being otherwise fully advised, I find that this motion should be granted.

Bellhomme filed this case pro se on June 20, 2005, asserting federal civil rights and employment discrimination claims. Bellhomme alleges that he is a Black Haitian with a "French Carribean Cultural Dialect," and that Defendant fired him. In an affidavit, Bellhomme states that he was employed as a parimutuel teller at the Downs of Albuquerque from August 15, 1997, until June 18, 2004, and that he was fired over disagreements concerning cash shortages. Defendants have moved to dismiss on the ground that the Complaint and Affidavit fail to state a claim. Bellhomme failed to respond to the motion.

As a pro se litigant, Bellhomme is entitled to a liberal reading of his pleadings and his submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, the Court may not assume the role of

advocate for a pro se litigant, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

A response is due within fourteen calendar days after service of a motion. D.N.M.LR-Civ. 7.6(a). Bellhomme has failed to file a timely response to Defendants' motion to dismiss. Failure to file a response in opposition to a motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b). Thus, I may grant the motion to dismiss because Bellhomme consented to dismissal by failing to respond.

Moreover, a liberal reading of the Complaint and Affidavit demonstrate that the motion to dismiss should be granted. *See* FED. R. CIV. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1336 (10th Cir. 1999).

In order to state a claim for relief in an action brought under 42 U.S.C. § 1983, a party must establish that he was (1) deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Nowhere in the Complaint or Affidavit does Bellhomme allege that any of the Defendants acted under color of state law. Accepting the factual allegations as true and construing them in the light most favorable to Bellhomme leads to the conclusion that

there are no facts in support of his claim that would entitle him to relief on his § 1983 claim.

In order to state a claim for racial discrimination in employment under 42 U.S.C. § 1983 or Title VII, a plaintiff must establish that Defendants intentionally or purposefully discriminated against him. *Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1532 (10th Cir.1995). Bellhomme must allege facts showing that there was some indication that the termination was motivated by discriminatory animus. *Id*. Bellhomme has alleged no facts that indicating that the termination was motivated by his race or national origin. Conclusory allegations are insufficient to state a claim on which relief can be based. *Hall*, 935 F.2d at 1110. Accepting the factual allegations as true and construing the in the light most favorable to Bellhomme establishes that he has alleged no facts that would establish racial discrimination.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 6), filed on July 11, 2005, is **GRANTED**.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**