IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENAUD BELHOMME,

    **Plaintiff,**

vs.                                                                                                  No. CIV 05-0687 RB/RLP

**THE DOWNS OF ALBUQUERQUE, INC.,**
**ATLAS TEMPORARY SERVICE, INC.,**
**DAN COOK, General Manager,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 6), filed on July 11, 2005, and Defendants' Motion to Strike Surreplies (Doc. 21), filed on September 13, 2005. Jurisdiction arises under 28 U.S.C. §1331. Having reviewed the motions, submissions, relevant law, and being otherwise fully advised, I find that the Motion to Dismiss should be granted, the Motion to Strike Surreplies should be denied, and that Plaintiff (Belhomme) should be granted leave to file an amended complaint on or before October 31, 2005.

**I. Background.**

Belhomme filed this case pro se on June 20, 2005, asserting federal civil rights and employment discrimination claims pursuant to 42 U.S.C. §§1981, 1983, and 2000e. Belhomme alleged that he is a Black Haitian with a "French Carribean Cultural Dialect," and that Defendants terminated his employment. In an affidavit, Belhomme stated that he was employed as a pari-mutuel teller at the Downs of Albuquerque from August 15, 1997 until June 18, 2004, and that he was terminated over disagreements concerning cash shortages. Defendants moved to dismiss for failure

to state a claim. Belhomme failed to timely respond to the motion to dismiss.

In a Memorandum Opinion and Order issued on August 11, 2005, the Court granted Defendants' Motion to Dismiss on the grounds that Belhomme failed to file a response in opposition to the Motion to Dismiss and for failure to state a claim. Belhomme filed an untimely response on the same day. On August 19, 2004, the Court set aside the Memorandum Opinion and Order and extended the time for Defendants to file a reply brief.

Defendants filed a reply brief. Belhomme submitted an addendum supplementing facts in support of his complaint and additional supplemental facts. Defendants characterized these documents as surreplies and moved to strike them. Belhomme filed a response in opposition to Defendants' motion to strike surreplies and a request for leave of the court to file the surreplies. In his submissions, Belhomme offers additional facts in support of his national origin/race employment discrimination claims and requests leave to incorporate those facts into the complaint.

**II. Standard.**

When considering a motion to dismiss for failure to state a claim, the court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). Dismissal of a complaint pursuant to Rule 12(b)(6) is granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

As a pro se litigant, Belhomme is entitled to a liberal reading of his pleadings and his submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan*

*v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989).  However, the Court may not assume the role of advocate for a pro se litigant, and need not accept unsupported conclusory allegations as true.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Pro se litigants must follow the same rules of procedure that govern other litigants.  *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

**III.  Discussion.**

Belhomme seeks recovery for violation of his federal civil rights pursuant to 42 U.S.C. §1983.  Section 1983 protects persons from the actions of state actors if their conduct rises to the level constituting a deprivation of rights, privileges or immunities secured by the United States Constitution or federal laws.  *See* 42 U.S.C. §1983.  In order to state a claim for relief in a Section 1983 action, a plaintiff must establish that he was (1) deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Nowhere in his complaint or his additional filings does Belhomme allege that any Defendant acted under color of state law.  Having accepted the factual allegations of the complaint as true and having construed them in the light most favorable to Belhomme, the Court concludes that there are no facts in support of his claim that would entitle him to relief on his § 1983 claim.

Belhomme alleges employment discrimination in violation of Title VII and Section 1981.  In order to state a claim for employment discrimination under these statutes, a plaintiff must establish that a defendant intentionally or purposefully discriminated against him in the terms and conditions of his employment.  *See Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1532 (10th Cir. 1995).

Belhomme must allege facts showing that there was some indication that the termination was motivated in part by discriminatory animus. *Id*. Belhomme failed to allege facts indicating intentional or purposeful discrimination in his complaint. Having accepted the allegations of the complaint as true and having construed them in the light most favorable to Belhomme, the Court concludes that the complaint fails to state a claim for employment discrimination.

In his surreplies and filings related to the motion to strike surreplies, Belhomme offered additional facts in support of his national origin/race employment discrimination claim and requested leave to incorporate those facts into the complaint. Defendants moved to strike the surreplies. Due to Belhomme's pro se status, the Court will grant leave to file the surreplies nunc pro tunc in order to preserve the record.

Defendants correctly note that the surreplies cannot substitute for a complaint. The Federal Rules of Civil Procedure provide that the complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that [he is] entitled to relief, and (3) a demand for judgment for the relief [he] seeks." FED. R. CIV. P. 8(a). Although the Court construes Belhomme's pro se pleadings liberally, they must comply with the applicable procedural rules, including FED. R. CIV. P. 8. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The complaint and additional filings do not comply with FED. R. CIV. P. 8.

In his surreplies and subsequent filings, Belhomme offers additional factual allegations in support of the employment discrimination claim that were not included in the complaint and requests leave to incorporate the facts offered in his filings into the complaint. The Court will construe this request as a motion to amend the complaint. *See* FED. R. CIV. P. 15(a). Belhomme is granted until

October 31, 2005 to file an amended complaint that complies with the Federal Rules of Civil Procedure. Defendants will respond to an amended complaint as provided by the rules. Belhomme is warned that failure to timely file an amended complaint will result in dismissal of this action with prejudice.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 6), filed on July 11, 2005, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Surreplies (Doc. 21), filed on September 13, 2005, is **DENIED** and that leave to file the surreplies (Docs. 19 and 20) is **GRANTED NUNC PRO TUNC.**

**IT IS FURTHER ORDERED** that Belhomme is granted until October 31, 2005 to file an amended complaint that complies with the Federal Rules of Civil Procedure. Belhomme is warned that failure to timely file an amended complaint will result in dismissal of this action with prejudice.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**