IN THE UNITED STATES DISTRIC COURT

FOR THE DISTRICT OF NEW MEXICO

RENAUD BELHOMME

        Plaintiff,

                                                                                               No. CIV 05-687 RB/RLP

v.

THE DOWNS OF ALBUQUERQUE, INC.,
ATLAS TEMPORARY SERVICE, INC.,
and DAN COOK, General Manager.

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS SECTION 1983 CLAIM
AND FOR MORE DEFINITE STATEMENT</u>**

**<u>Introduction</u>**

Each one of the documents Plaintiff Renaud Belhomme has filed with this Court has been largely incoherent and his latest filing is no exception. In a Memorandum Opinion and Order [Docket No. 25], this Court afforded Plaintiff an opportunity to file an amended complaint. On October 31, 2005, Plaintiff filed a document titled "Plaintiff's Amending Established Surreplies Incorporatedly into the Plaintiff's Complaint as Granted the Court Nunc Pro Tunc" [Docket No. 26]. In this "Amended Complaint," Plaintiff continues to state a claim against three purely private parties under 42 U.S.C. § 1983. Also, the Amended Complaint is composed of a series of garbled, nonsensical paragraphs to which Defendants cannot fashion an intelligent response. Defendants, The Downs of Albuquerque, Inc., Atlas Temporary Services, Inc., and Dan Cook (collectively, "Defendants"), thus request this Court dismiss Plaintiff's Section 1983 claim with prejudice and direct him to file a more definite statement as to any other claims.

**Argument and Authorities**

I.  **PLAINTIFF'S SECTION 1983 CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss may be granted for "failure to state a claim upon which relief can be granted." The Court, thus, may terminate any actions "that are fatally flawed in their legal premises and destined to fail . . . to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). While the factual allegations of Plaintiff's Amended Complaint are assumed to be true, the Court "can and should reject legal conclusions, unsupported conclusions, unwarranted references, unwarranted deductions, footless conclusions of law, and sweeping legal conclusions in the form of actual allegations." *Bright v. Westmoreland Co.*, 380 F.3d 729, 735 (3d Cir. 2004) (quotation marks and quoted authority omitted).

Furthermore, if matters outside of Plaintiff's Amended Complaint are considered, the Court may treat the motion as one for summary judgment governed by the standards of Federal Rule of Civil Procedure 56. Under Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact" and the "the moving party is entitled to judgment as a matter of law." *See also Katz v. City of Aurora*, 85 F.Supp.2d 1012, 1016 (D.Colo. 2000). The moving party bears the initial burden of showing that there is an absence of any issues of material fact; however, "[t]he movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Id.*

In his Amended Complaint, Plaintiff continues to assert a claim against Defendants under 42 U.S.C. § 1983. That statute establishes liability for the deprivation of federal rights by

anyone acting "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia." The Supreme Court has explicitly held that "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). A private actor may only be considered to have acted under color of state law if: (1) the deprivation was "caused by the exercise of some right or privilege created by the state" and (2) the private actor "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 927 (1982).

None of the Defendants in this case can be considered state actors; The Downs of Albuquerque, Inc. and Atlas Resources, Inc. are each privately-held, for-profit entities and Dan Cook is an employee of The Downs. (*See* NMPRC Corporation Information Inquiry for Downs of Albuquerque, Inc., attached hereto as Exhibit A; NMPRC Corporation Information Inquiry for Atlas Resources, Inc., attached hereto as Exhibit B). While Plaintiff alleges these parties acted under the color of state law (*see* Amended Complaint, ¶¶ I, V), those allegations should be disregarded. Federal courts have not hesitated to dismiss a Section 1983 claim against a private party that is based on nothing more than conclusory allegations that the private party acted under the color of state law. *See Ciambriello v. Co. of Nassau*, 292 F.3d 307, 323-24 (2d Cir. 2002); *Price v. State of Hawaii*, 939 F.2d 702, 709 (9th Cir. 1991).

## II. PLAINTIFF SHOULD ALSO BE DIRECTED TO FILE A MORE DEFINITE STATEMENT.

Pursuant to Federal Rule of Civil Procedure 12(e): "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to

3

frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A motion for a more definite statement may properly be granted when a complaint is unintelligible. *See Wood v. Apodacoa*, 375 F.Supp.2d 942, 949 (N.D.Cal. 2005) (stating that Rule 12(e) may be used to attack unintelligible pleadings); *Kim v. Kim*, 360 F.Supp.2d 897, 903 (N.D.Ill. 2005) (holding Rule 12(e) motions may be granted "when the notice function of the complaint is undermined by a pleading that is so unintelligible that the movant cannot draft a responsive pleading") (quotation marks and quoted authority omitted).

The Amended Complaint filed by Plaintiff in this case is so utterly confusing and completely unintelligible that Defendant cannot even determine the bases for Plaintiff's claims, nonetheless the facts he is alleging. From the Amended Complaint it appears Plaintiff is now setting forth two claims—one under 42 U.S.C. § 1981 and one under 42 U.S.C. § 1983. (*See* Amended Complaint, ¶¶ II and IV). His original complaint, though, makes reference to Title VII of the Civil Rights Act of 1964. Thus, Defendants do not know whether Plaintiff has chosen to forego any potential Title VII claims or whether he believes those claims have already been properly plead. A more definite statement would assist Defendants in understanding the nature of Plaintiff's claims and in narrowing this lawsuit down to those specific claims.

Additionally, Plaintiff's factual allegations in his Amended Complaint are garbled and incoherent as shown by the following two examples:

- In Paragraph III, Plaintiff alleges, as part of a rambling narrative, that: ". . . differently argued the/a Native American's declared as to collect also cash sales shortages against this/a Spanish Supervisor and in behalf of whom the/a WASP Defendant forbid the Native American from considering to collect the such declared once cash sales shortages as circumstance which resulted later into the fact that the Native American further disclosed to have had found the so discussed about as cash shortages."

- In Paragraph VI, Plaintiff alleges, as part of another narrative, that " . . . Defendant specifically on June 16, 2004 stated to the Plaintiff with demonstrating very blatantly profound inflexibly very disruptive scandalously demeaning verbal assaults into screaming and continuously stating as: "No! . . . no . . . , no, it's not true! it's not true! it's not true . . . I'll fire you! I'll fire you! I'll fire you if you continue like that!" disreguarding [sic] the Plaintiff's necessity for better suitably common response; and, then, on June 18, 2004, "you are fired!"

Defendants are unable to fashion an intelligent response to these allegations. For these reasons, this Court should direct Plaintiff to make a more definite statement so that Defendants may respond to the claims presented and assert appropriate affirmative defenses.

## Conclusion

For the reasons stated above, this Court should dismiss Plaintiff's Section 1983 claim with prejudice, direct Plaintiff to make a more definite statement of his claims, and grant any other relief necessary and proper under the circumstances.

GILKEY & STEPHENSON, P.A.


By: _____
    Barbara G. Stephenson
    Quentin Smith
Attorneys for Defendants
P.O. Drawer 25566
Albuquerque, NM 87125
(505) 242-4466; (505) 242-3145 (fax)

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Defendants' Memorandum in Support of Motion to Dismiss Section 1983 Claim and for More Definite Statement was sent by first-class mail to Plaintiff Renaud Belhomme at P.O. Box 82472, Albuquerque, NM 87198 on this 10th day of November, 2005.

_____
Quentin Smith