IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENAUD BELHOMME,

       **Plaintiff,**

vs.                                   **No. CIV 05-0687 RB/RLP**

THE DOWNS OF ALBUQUERQUE, INC.,
ATLAS TEMPORARY SERVICE, INC.,
DAN COOK, General Manager,

       **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendants' Motion to Dismiss Section 1983 Claims and for More Definite Statement (Doc. 27), filed on November 10, 2005. Jurisdiction arises under 28 U.S.C. §1331. Having reviewed the submissions of the parties, relevant law, and being otherwise fully advised, I find that the motion should be granted.

**I. Background.**

Belhomme filed this case pro se on June 20, 2005, asserting federal civil rights and employment discrimination claims pursuant to 42 U.S.C. §§1981, 1983, and 2000e. Belhomme alleged that he is a Black Haitian with a "French Carribean Cultural Dialect," and that Defendants terminated his employment. In an affidavit, Belhomme stated that he was employed as a pari-mutuel teller at The Downs of Albuquerque from August 15, 1997 until June 18, 2004, and that he was terminated over disagreements concerning cash shortages. Defendants moved to dismiss for failure to state a claim. Belhomme failed to timely respond to the motion to dismiss.

In a Memorandum Opinion and Order issued on August 11, 2005, the Court granted Defendants' Motion to Dismiss on the grounds that Belhomme failed to file a response in opposition

to the Motion to Dismiss and for failure to state a claim.  Belhomme filed an untimely response on the same day.  On August 19, 2004, the Court set aside the Memorandum Opinion and Order and extended the time for Defendants to file a reply brief.

Defendants filed a reply brief.  Belhomme submitted an addendum supplementing facts in support of his complaint and additional facts.  Defendants characterized these documents as surreplies and moved to strike them.  Belhomme filed a response in opposition to Defendants' motion to strike surreplies and a request for leave of the court to file the surreplies.  In his submissions, Belhomme offers additional facts in support of his national origin/race employment discrimination claims and requests leave to incorporate those facts into the complaint.

In a Memorandum Opinion and Order issued on October 13, 2005, the Court granted Defendants' motion to dismiss for failure to state a claim, denied the motion to strike surreplies, and allowed Belhomme until October 31, 2005 to file an amended complaint that complied with the Federal Rules of Civil Procedure.  The Court warned Belhomme that failure to timely file an amended complaint would result in dismissal of this action with prejudice.

On October 31, 2005, Belhomme filed a document entitled "Plaintiff's Amending Established Surreplies Incorporatedly [sic] into the Plaintiff's Complaint as Granted the Court Nunc Pro Tunc." This document is very difficult to decipher.  It appears that Belhomme alleges that Defendants misrepresented the true circumstances of his termination to the New Mexico Department of Labor and discriminated against him in violation of 42 U.S.C. § 1981 and 1983.

Defendants moved to dismiss the §1983 claim on the grounds that they are not state actors and for a more definite statement as to the other claims.  In his response, Belhomme states that he is suing under Title VII.

**II.  Standard.**

When considering a motion to dismiss for failure to state a claim, the court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).  Dismissal of a complaint pursuant to Rule 12(b)(6) is granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

As a pro se litigant, Belhomme is entitled to a liberal reading of his pleadings and his submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989).  However, the Court may not assume the role of advocate for a pro se litigant, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

**III.  Discussion.**

Belhomme seeks recovery for violation of his federal civil rights, pursuant to 42 U.S.C. §1983.  Section 1983 protects persons from the actions of state actors if their conduct rises to the level constituting a deprivation of rights, privileges or immunities secured by the United States Constitution or federal laws. *See* 42 U.S.C. §1983.  In order to state a claim for relief in a Section 1983 action, a plaintiff must establish that he was (1) deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Nowhere in his complaint  or

his additional filings does Belhomme allege that any Defendant acted under color of state law. Having accepted the factual allegations of the complaint and amendment as true and having construed them in the light most favorable to Belhomme, the Court concludes that there are no facts in support of his claim that would entitle him to relief on his § 1983 claim.  Thus, the motion to dismiss should be granted.

Belhomme alleges employment discrimination in violation of Title VII and Section 1981. Defendants move for a more definite statement with respect to these claims.  A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12( e).  Motions for more definite statement are granted when a party is unable to determine the issues requiring a response. *Resolution Tr. Corp. v. Thomas*, 837 F. Supp. 354, 355 (D. Kan. 1993).  Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail.  *Kelly v. L. L. Cool J.*, 145 F. R. D. 32, 35 (S. D. N. Y. 1992).

In order to state a claim for employment discrimination under Title VII and Section 1981, a plaintiff must establish that a defendant intentionally or purposefully discriminated against him in the terms and conditions of his employment. *See Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1532 (10th Cir. 1995).  Belhomme must allege facts showing that there was some indication that the termination and adverse actions were motivated, in part, by discriminatory animus.  *Id*.  The document entitled "Plaintiff's Amending Established Surreplies Incorporatedly [sic] into the Plaintiff's Complaint as Granted the Court Nunc Pro Tunc" is unintelligible.  It fails to meet the minimal notice pleading requirements of FED. R. CIV. P. 8 because it fails to set forth a short and plain statement of the claim showing that Belhomme is entitled to relief.  Under these circumstances, Defendants are unable to

4

respond to Belhomme's claims.

Belhomme is admonished that the Federal Rules of Civil Procedure require the complaint to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that [he is] entitled to relief, and (3) a demand for judgment for the relief [he] seeks." FED. R. CIV. P. 8(a).  Although the Court construes Belhomme's pro se pleadings liberally, they must comply with the applicable procedural rules, including FED. R. CIV. P. 8.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Belhomme's filings do not comply with FED. R. CIV. P. 8. Belhomme will be given one more opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure. Belhomme is warned that failure to timely file an amended complaint that complies with Rule 8 will result in dismissal of this action with prejudice.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Section 1983 Claims and for More Definite Statement (Doc. 27), filed on November 10, 2005, is **GRANTED.**

**IT IS FURTHER ORDERED** that Belhomme is granted until January 31, 2006 to file an amended complaint that complies with the Federal Rules of Civil Procedure.  Belhomme is warned that failure to timely file a sufficient amended complaint will result in dismissal of this action with prejudice.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**