IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RENAUD BELHOMME,**

    **Plaintiff,**

vs.                                                                                               **No. CIV 05-0687 RB/RLP**

**THE DOWNS OF ALBUQUERQUE, INC.,**
**ATLAS TEMPORARY SERVICE, INC.,**
**DAN COOK, General Manager,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** came before the Court for consideration of Plaintiff's Fulfilling An Amended Complaint With the Court Based on Order (Doc. 34), filed on January 31, 2006, and Plaintiff's Response Opposing Defendants' Motion to Dismiss Section 1983 Claim (Doc. 33), filed on January 23, 2006. Jurisdiction arises under 28 U.S.C. §1331. Having reviewed the documents, record, relevant law, and being otherwise fully advised, I find that this matter should be dismissed for failure to state a claim.

**I. Background.**

    Belhomme filed this case pro se on June 20, 2005, asserting federal civil rights and employment discrimination claims pursuant to 42 U.S.C. §§1981, 1983, and 2000e. Belhomme alleged that he is a Black Haitian with a "French Carribean Cultural Dialect," and that Defendants terminated his employment. In an affidavit, Belhomme stated that he was employed as a pari-mutuel teller at The Downs of Albuquerque from August 15, 1997 until June 18, 2004, and that he was terminated over disagreements concerning cash shortages. Defendants moved to dismiss for failure

to state a claim. Belhomme failed to timely respond to the motion to dismiss.

In a Memorandum Opinion and Order issued on August 11, 2005, the Court granted Defendants' Motion to Dismiss on the grounds that Belhomme failed to file a response in opposition to the Motion to Dismiss and for failure to state a claim. Belhomme filed an untimely response on the same day. On August 19, 2004, the Court set aside the Memorandum Opinion and Order and extended the time for Defendants to file a reply brief.

Defendants filed a reply brief. Belhomme submitted an addendum with supplemental facts in support of his complaint and additional facts. Defendants characterized these documents as surreplies and moved to strike them. Belhomme filed a response in opposition to Defendants' motion to strike surreplies and a request for leave of the court to file the surreplies. In his submissions, Belhomme offers additional facts in support of his national origin/race employment discrimination claims and requests leave to incorporate those facts into the complaint.

In a Memorandum Opinion and Order issued on October 13, 2005, the Court granted Defendants' motion to dismiss for failure to state a claim, denied the motion to strike surreplies, and allowed Belhomme until October 31, 2005 to file an amended complaint that complied with the Federal Rules of Civil Procedure. The Court warned Belhomme that failure to timely file an amended complaint would result in dismissal of this action with prejudice.

On October 31, 2005, Belhomme filed a document entitled "Plaintiff's Amending Established Surreplies Incorporatedly [sic] into the Plaintiff's Complaint as Granted the Court Nunc Pro Tunc." This document was very difficult to decipher. The document alleged that Defendants misrepresented the true circumstances of his termination to the New Mexico Department of Labor and discriminated against him in violation of 42 U.S.C. § 1981 and 1983.

Defendants moved to dismiss the §1983 claim on the ground that they were not state actors and for a more definite statement as to the other claims. In his response, Belhomme stated that he is suing under Title VII. In a Memorandum Opinion and Order of January 19, 2006, I granted the motion to dismiss with respect to the §1983 claim and the motion for a more definite statement. Belhomme was granted until January 31, 2006 to file an amended complaint that complied with the Federal Rules of Civil Procedure. I warned Belhomme that failure to timely file a sufficient amended complaint would result in dismissal of this action with prejudice.

**II. Standard.**

As a pro se litigant, Belhomme is entitled to a liberal reading of his pleadings and his submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, the Court may not assume the role of advocate for a pro se litigant, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

**III. Discussion.**

The Federal Rules of Civil Procedure require the complaint to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that [he is] entitled to relief, and (3) a demand for judgment for the relief [he] seeks." FED. R. CIV. P. 8(a). Belhomme's filings of January 23, 2006 and January 31,

3

2006 do not comply with Rule 8(a).

In order to state a claim for employment discrimination under Title VII and Section 1981, a plaintiff must establish that a defendant intentionally or purposefully discriminated against him in the terms and conditions of his employment. *See Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1532 (10th Cir. 1995). Belhomme must allege facts showing that there was some indication that the termination and adverse actions were motivated, in part, by discriminatory animus. *Id.*

Belhomme's January 31, 2006 pleading is, again, very difficult to follow. It is certainly not the short, plain and concise pleading required by the Rule. While there are, in the "Wherefore" section of the pleading, references to discrimination relating to employment practices, the references fall far short of the plain and concise statement of the claim required. Having given Belhomme several bites at this apple, at much additional expense to the defense, I decline to place Defendants in the impossible position of answering such a pleading. Under these circumstances, dismissal with prejudice is appropriate. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

**WHEREFORE,**

**IT IS ORDERED** that this matter is dismissed with prejudice.

*[signature]*

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**